**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SARAH JONES**

**PLAINTIFF,** **CASE NO.**

**V.**

**CITY OF EVANSTON**

**DEFENDANTS.**.

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOW COMES,** PLAINTIFF, Sarah Jones, and files this complaint to redress the discrimination, hostile work environment and constructive discharge she encountered while working for DEFENDANT, City of Evanston, in violation of Title VII, 42 USC 2000e et seq., 42 USC 1981, the Illinois Human Rights Act, and for negligent supervision. For her cause of action Plaintiff states as follows:

1. Plaintiff, Sarah Jones is a White Female who resided in Evanston Illinois.
2. Defendant, City of Evanston is an Illinois municipality in Cook County Illinois and operates a police department.
3. The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights). The court also has Supplemental jurisdiction over the State Claims as they come out of the same set of facts and/or questions of law.
4. Venue is also proper in this Court as the actions occurred in Evanston, Cook County, Illinois.
5. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by Plaintiff prior to the filing of this complaint. Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission

(hereinafter "EEOC"). Plaintiff received a right to sue letter. This suit is timely filed within the 90 days allowed from the receipt of this right to sue letter.

6. All conditions precedent have been performed prior to filing this complaint pursuant to the Illinois Human Rights Act ("IHRA"). Plaintiff opted out of the investigation and filed this suit within 90 days of receiving that letter allowing her to bring suit.

7. Plaintiff's race is White and a protected class under 42 USC §1981, Title VII and IHRA.

8. Plaintiff began her employment with Defendant on April 11, 2005. She worked for Defendant from April 11, 2005, until she was fired by Defendant.

9. Plaintiff was an employee of Defendants as defined by IHRA 775 ILCS 5/2-101 (A) and 42 USC § § 2000e(f).

10. Defendant employs more than 20 employees in Illinois for more than 20 calendar weeks in 2024.

11. Defendant is an employer as defined by 42 USC § 2000e(b).

12. Plaintiff performed her job duties in a satisfactory manner while she worked for Defendant.

13. Plaintiff was suspended on or about January 19, 2024, by Defendant and Plaintiff was notified she was fired by Defendant March 26, 2024. But for Plaintiff's race, White, Defendant would not have disciplined or fired the Plaintiff.

14. Plaintiff was an excellent employee for Defendant with excellent reviews and was told over and over again by Defendant that she was a great asset for the city.

15. Defendant has been sued a number of times for racial discrimination by employees who are Black in the last several years. Due to these lawsuits, Defendant indicated to its employees such as Plaintiff that it will not discipline, reprimand or discuss employees'

performance negatively whose race is Black. This treatment of employees is unlawful discrimination that violates Title VII, the IHRA and 42 USC 1918.

16. Plaintiff supervised an African American employee, Tarshanda Shorty who was a new employee who worked for Defendant less than one year. Shorty was not doing her job properly. Shorty was insubordinate, refused to listen to Plaintiff and was disrespectful to Plaintiff. Shorty was still a probationary employee for Defendant as she had not worked for the city for one year.

17. Plaintiff communicated with her superiors and supervisor on several occasions that Shorty was insubordinate, rude and refused to take direction and was not doing her job properly. Defendant management refused to reprimand, discipline or approach the employee because of Ms. Shorty's race, Black. Plaintiff was told by Deputy Chief Sacluti that the city had to be careful of how we address the behavior due to the amount of times Evanston had been sued and fear of future lawsuits.

18. As part of her job, Plaintiff trained employees she supervised.

19. Plaintiff went to management on or about January 17, 2024, and asked management that she be allowed to sit with Ms. Shorty and provide her with training as Shorty was about to work for the city for a year. Deputy Chief Sacluti stated Plaintiff could not do the training and that another coworker of Ms. Shorty's would be allowed to train her.

20. On January 17, 2024, January 18, 2024, and January 19, 2024, Plaintiff went to the City of Evanston Interim Corporation Council, Alexandra Ruggie, and complained to her about the reverse discrimination and that Plaintiff was receiving as Plaintiff was not allowed to do her job and was being treated differently and inferior due to Plaintiff's race, White.

21. Defendant's Chief learned that Plaintiff had made a complaint of discrimination to the City Attorney on January 18, 2024,

22. On January 18, 2024, the Deputy Chief removed Plaintiff as a Supervisor.

23. On January 19, 2024, Defendant through the Chief had Plaintiff suspended.

24. Plaintiff was left in limbo and the Defendant failed to communicate with Plaintiff about her job and her claims of discrimination.

25. Defendant has policies to suspend, fire and discipline employees which included Progressive discipline. Defendant failed to abide by its policies when it removed job functions of Plaintiff, suspended and fired the Plaintiff.

26. As Plaintiff had not heard from Defendant about her job, on February 22, 2024, Plaintiff sent an email to Defendant about her complaint of discrimination and retaliation against.

27. On March 26, 2024, Defendant asked to have a meeting with Plaintiff. Plaintiff asked if she could bring an attorney to the meeting. After Plaintiff requested to have an attorney to be present, Defendant fired the Plaintiff by email. No reason was given to Plaintiff for her termination when she was fired.

28. Plaintiff was treated differently due to her race being White compared to other employees due to her race.

29. Management of Defendant has stated that it will treat employees who are Black superior to how it will treat employees who are not Black.

30. Defendant prior to firing Plaintiff took her computer, cell phone and other materials and searched them like Plaintiff was a criminal. No other employee was subject to such a search. The reason for the search was to create reasons to terminate the Plaintiff.

31. Plaintiff had made several good faith complaints of discrimination to Defendant including three to Alexandra Ruggie on January 17, 18, and 19, 2024.

32. On January 18, 2024, the day after Deputy Chief Sacluti learned that plaintiff made a complaint of discrimination, Sacluti removed Plaintiff supervisory role thus demoting the Plaintiff. The Chief of Police then suspended Plaintiff a day later on January 19, 2024. Plaintiff never worked for Defendant again after January 19, 2024.

33. Defendant failed to investigate Plaintiff's charges of discrimination.

34. Defendant has hidden information relating to its treatment of Black employees.

35. The actions of Defendant damaged Plaintiff. Plaintiff was forced to move and take a lower paying job in another state.

36. Defendant's discriminatory conduct toward Plaintiff was intentional and engaged in "with malice or with reckless indifference to the federally protected rights" of the plaintiff.

**COUNT 1 TITLE VII**

37. Plaintiff realleges paragraph 1-36 as set forth herein.

38. Plaintiff's race and color, White, is a protected class under 42 USC § 2000e et. seq.

39. 42 USC § 2000e-2(a)(1) makes it an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

40. Defendant's policy of treating Black employees superior to other employees and not allowing supervisors to reprimand and instruct Black employees is unlawful discrimination and direct evidence of discrimination.

41. As set forth herein, Defendant treated Plaintiff less favorably than similarly situated employees who were not White and disciplined, demoted and discharged the Plaintiff in violation of 42 USC § 2000e-2(a)(1) due to Plaintiff's race.

**COUNT II VIOLATION OF 42 USC § 1981.**

42. Plaintiff incorporates her allegations of paragraphs 1-41 as set forth herein.

43. Plaintiff race, White, is protected under 42 U.S.C. §1981.

44. Plaintiff's race was a determinative factor for Defendant's discipline of Plaintiff, suspension of Plaintiff and termination of Plaintiff.

45. Defendant's actions complained of herein violated 42 U.S.C. §1981.

46. PLAINTIFF was damaged by Defendant's actions towards her as set forth herein.

**COUNT III VIOLATION IHRA**

47. Plaintiff realleges paragraphs 1-46 into Count IV as set forth herein.

48. 775 ILCS 5 et seq. makes it unlawful to discriminate against someone due to their race or color.

49. Plaintiff race and color, White, is a protected class under the Illinois Human Rights act.

50. Pursuant to 775 ILCS 5/2-102(A) it is unlawful for an employer to engage in harassment or discharge, discipline and create different privileges or conditions of employment on the basis of a person's, race or color.

51. Defendant's actions toward Plaintiff as well as the differences in terms and conditions of employment which Plaintiff was subjected to by Defendant was done because of Plaintiff's Race and/or color. Defendant's actions were unlawful discrimination against Plaintiff in violation of 775 ILCS 5/1103 (Q).

**COUNT V RETALIATION**

52. Plaintiff realleges paragraph 1-51 into Count V as set forth herein.

53. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), makes it unlawful employment practice for an employer to discriminate against any of his employees or to discriminate against any individual because she has opposed any practice made an unlawful employment practice.

54. 775 ILCS 5/6-101(A) makes it a violation of the IHRA to retaliate against a person who has opposed the which he or she reasonably believes and in good faith believes to be unlawful discrimination.

55. Plaintiff also asserted her rights under 42 USC 1981 to be free of racial discrimination.

56. Plaintiff made a good faith report to Defendant to oppose what she believed was unlawful discrimination she was encountering due to her race being White to Defendant.

57. A short time after Plaintiff made her complaint of discrimination to Defendant, Defendant demoted, suspended and then fired the Plaintiff.

58. Defendant's suspension and removal of her supervisory capacity, different treatment in the terms and conditions of her employment and Plaintiff's discharge were done in retaliation for Plaintiff asserting her rights under TITLE VII, 42 U.S.C. § 2000e-3(a), 42 USC 1981 and the IHRA.

**REQUEST FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests judgment against Defendants as follows:

1. Declaring that Defendants' conduct has violated Plaintiff's rights as secured by the Title VII and/or 42 U.S.C. 1981 and the Illinois Human Rights Act.

2. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.
3. Award Plaintiff make whole relief and damages for her lost wages, front pay, lost fringe benefits and other economic damages including her cost of moving.
4. Awarding compensatory damages on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other nonpecuniary losses as will fully compensate Plaintiff for the injuries caused by Defendants discriminatory conduct.
5. Awarding such others and additional relief as may be necessary to make Plaintiff whole on each and every cause of action.
6. Awarding a reasonable attorney's fees and costs in prosecuting this action
7. Enjoining and permanently restraining the alleged violations of law on each and every cause of action.
8. Have a trial by Jury on the issues contained herein.
9. Awarding such other equitable relief as this Court deems just and proper.

**JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY A JURY.**

RESPECTFULLY SUBMITTED,

/s/Steven D. Horak
Steven D Horak # 6207126
940 Knollwood Dr
Buffalo Grove IL 60089
(847)877-3120
Steve@stevenhoraklaw.com
ATTORNEYS FOR PLAINTIFF